[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A decree of dissolution was entered in this matter in December 1973 after twenty-five years of marriage and five children. A separation agreement, entered into between the parties was approved, entered as an order and incorporated by reference into the file. Thereafter, the parties resumed living together from 1978 to 1980. On April 20, 1981 the original separation agreement was modified by agreement of the parties. This written executed agreement was approved and entered as an order by the court on April 20, 1981. The modified order of alimony provided for the greater of an amount equal to 25% of the defendant's salary and bonus or $30,000 per year, whichever was greater. The modification also provided for lifetime alimony to be paid to the plaintiff by the defendant
The defendant claims his financial circumstances have substantially decreased while the fortunes of the plaintiff have substantially increased since the modification was approved and ordered by the court in April, 1981.
No financial affidavits were filed at the time the modification was approved. The parties have attempted, rather ably, to reconstruct their clients' respective financial situation at that time.
The defendant's income from wages, interest and dividends as gleaned from his 1980 income tax return was approximately $127,638. He also received a tax refund of $13,494 as well as CT Page 1174 some capitol gains income. The defendant's net worth as of March 31, 1981 was approximately $4.5 million which included current assets of $1,156,763. His expenses were not reconstructed.
As of February, 1991 the defendant's income as reflected on his financial affidavit is approximately $90,144 per year. He shows total monthly expenses of $8,790 of which $2,682 are joint expenses. The defendant indicates a negative net worth at this time. No value is attributed to the miscellaneous Limited Partnerships as well as the Rocon Mining Company, Sutton Mining Company and the Water Street Realty Company. The partners Oil Company and Masters Systems Computers are public corporations, and not traded. The defendant has invested substantial amounts in Rocon Mining and Sutton Mining as he feels these companies have future economic potential.
In addition, a judgment was obtained against the defendant in the amount of $1,307,287 as of June 31, 1989 in the U.S. District Court, District of Connecticut. The defendant has entered into an agreement with the plaintiffs in that case to satisfy this judgment, with a substantial payment due June 1, 1991 and a final payment due June 1, 1992.
The plaintiff's 1980 income as reported on her 1980 income tax return was $14,653. Her expenses and liabilities were also not able to be reconstructed. The plaintiff's assets and net worth totaled approximately $800,000 in 1981.
The plaintiff's income in February 1991 as reflected on her financial affidavit is approximately $43,236 per year, excluding the rental income from the La Jolla Condo which will terminate within a short period of time. The plaintiff shows monthly expenses of $4,126 and assets of approximately $613,495. Some of the plaintiff's assets were secured through the divorce settlement.
The evidence produced at the hearing and the financial affidavits of the parties would appear to indicate that the fortunes of the defendant have decreased while those of the plaintiff have increased. The court finds that there has been a substantial change in the circumstances of the defendant to warrant a modification.
The award of alimony is modified to $1,666 per month annualized at $19,992 per year. Said alimony shall be paid by the defendant during his lifetime until the death or remarriage of the plaintiff.
The parties agreed that any order for modification was to be retroactive to and effective as of April 15, 1990 and it is CT Page 1175 so ordered.
The parties further agreed that the arrearages as of April 15, 1990 is $21,250 and this court so finds.
There is a further arrearage from April 15, 1990 to February 15, 1991, a period of 10 months at $1,666 per month or $16,666 plus February 15 through March 1, 1991 or $833.
Thus, the total arrears found by the court is as follows:
 Arrears as of April 15, 1990 $21,250 April 15, 1990 — February 15, 1991 16,666 February 15, 1991 — March 1, 1991 833 _______ Total arrears: $38,749
The arrearage shall be paid in four installments of $9,687.25 payable as follows:
 1st installment due August 1, 1991; 2nd installment due December 1, 1991; 3rd installment due April 1, 1992; 4th installment due August 1, 1992;
In the event payment to the plaintiff is not made when due, the plaintiff shall be entitled to interest at the legal rate of 8% on the unpaid installment.
The plaintiff is awarded counsel fees in the amount of $5,000.00.
COPPETO, J.